UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DALE A. TRUAX,                            ) | |
| )                                          | |
| Plaintiff,          ) | |
| )                                          | |
| v.                         ) | |
| )                                          | |
| THE STATE OF INDIANA, MITCHELL E.    ) | CASE NO. 1:08-cv-1011-DFH-TAB |
| DANIELS, JR., Governor, INDIANA      ) | |
| DEPARTMENT OF CORRECTION,            ) | |
| J. DAVID DONAHUE, Commissioner,      ) | |
| MARK R. SEVIER, Superintendent,      ) | |
| Miami Correctional Facility,         ) | |
| )                                          | |
| Defendants.         ) | |

ENTRY ON MOTION TO DISMISS

Plaintiff Dale A. Truax is an employee of the Miami Correctional Facility
located in Bunker Hill, Indiana, a facility operated by the Indiana Department of
Correction ("DOC"). Truax alleges that he was demoted from Correctional Captain
to Lieutenant in retaliation for reporting violations of state and federal laws. He
brings his complaints of retaliation under Title VII of the Civil Rights Act of 1964
(42 U.S.C. § 2000e *et seq.*) and Indiana Code § 4-15-10-4 ("Indiana Whistleblower
Statute"). The defendants move to dismiss plaintiff's Title VII claims against the
State of Indiana and the individually named defendants in their official capacities,
as well as the Indiana Whistleblower Statute claim for a lack of a private right of
action. The court grants the defendants' motion to dismiss the State of Indiana
and the individually named official capacity defendants as to the Title VII claim

and denies their motion to dismiss the claim under the Indiana Whistleblower Statute.

## Standard of Review

In evaluating a Rule 12(b)(6) motion to dismiss under the Federal Rules of Civil Procedure, the court must assume as true all well-pleaded facts set forth in the complaint and construe the allegations liberally, drawing all inferences favorable to the plaintiff.  See *Brown v. Budz*, 398 F.3d 904, 908-09 (7th Cir. 2005).  A plaintiff must "raise a right to relief above the speculative level" by pleading "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1975 (2007).  Dismissal is warranted if the factual allegations, seen in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief.  *Id.* at 1968-69.

## Discussion

I.    *Title VII Defendants*

Truax's inclusion of the State of Indiana and the individual defendants in their official capacity (Governor Daniels, Commissioner Donahue, and Superintendent Sevier) in his Title VII retaliation claim only duplicates his claim against the DOC.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As

such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted). Defendants Governor Daniels, Commissioner Donahue, and Superintendent Sevier are all officers of the Executive Branch of the State of Indiana. Their inclusion in this matter does not provide the plaintiff with additional parties against whom he might enforce a judgment, and their inclusion only duplicates his claim against the DOC. The plaintiff's inclusion of the State of Indiana similarly duplicates the claim brought against the DOC. The defendants' motion to dismiss the Title VII claim as to Governor Daniels, Commissioner Donahue, Superintendent Sevier, and the State of Indiana is granted. The claim will proceed against Truax's employer, the DOC.

II.  *Private Right of Action under Indiana Whistleblower Statute*

The defendants also move to dismiss Truax's state law claim under the Indiana Whistleblower Statute, contending that this statute does not provide a private right of action. The Indiana Whistleblower Statute, in relevant part, provides that any non-elected state employee may not "be demoted" for "report[ing] in writing the existence of a violation of a federal law or regulation [or] a violation of a state law or rule." Ind. Code § 4-15-10-4. Traux argues that Indiana Code § 4-15-10-6 allows him to maintain a private right of action because it expressly bars an employee from "suffer[ing] a penalty or the threat of a penalty because he exercised his rights under this chapter." The defendants contend that the Indiana

Whistleblower Statute provides an administrative process and means for enforcement, showing a legislative intent not to create a private cause of action.

The court has not been directed to, nor has it found, any Indiana appellate decisions directly addressing rights provided by the Indiana Whistleblower Statute, and the statute itself is silent. While defendants encourage this court to apply the reasoning of *Kondrea v. City of Kokomo, Ind.*, 458 F. Supp. 2d 857, 874 (S.D. Ind. 2006) (McKinney, J.) (finding no private right of action to exist under Indiana Code § 4-15-10-6), federal courts can only predict state law, and state courts apparently have not yet addressed this issue. It is also not yet obvious that this state claim will be the decisive issue in this case. Furthermore, the case will proceed on its federal claim, and there would be little judicial economy gained by eliminating the Indiana Whistleblower Statute claim at this stage. Without agreeing or disagreeing at this point with *Kondrea* on this issue, the defendants' motion to dismiss the Indiana Whistleblower Statute is denied.

*Conclusion*

The defendants' motion to dismiss the State of Indiana as well as Governor Daniels, Commissioner Donahue, and Superintendent Sevier from the Title VII claim is granted. The defendants' motion to dismiss the Indiana Whistleblower Statute claim is denied.

So ordered.

Date:  November 12, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Nathan D. Foushee
Indy Law Group
Nate@IndyLawGroup.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov